# IN THE COURT OF APPEALS OF IOWA

No. 23-0393
Filed February 7, 2024

**GEORGE TYLER,**
        Plaintiff-Appellant,

**vs.**

**TYSON FRESH MEATS, INC.,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


        A claimant appeals the district court's denial of his petition for judicial review

of the workers' compensation commissioner's ruling.  **AFFIRMED.**


        Benjamin R. Roth of Ball, Kirk & Holm, P.C., Waterloo, for appellant.

        Jason P. Wiltfang and Dillon J. Carpenter of Scheldrup Wiltfang Corridor

Law Group Iowa, P.C., Cedar Rapids, for appellee.


        Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

After working at Tyson Fresh Meats (Tyson Meats) for twenty-five years, George Tyler retired on October 31, 2018. Nearly a year later—on October 22, 2019—Tyler notified Tyson Meats of a low back injury that he claimed was caused by his employment. Tyler filed a claim for workers' compensation benefits. Tyson Meats asserted the defense that Tyler was not entitled to recover on his claim because he failed to give Tyson Meats notice of the injury within ninety days of the date of the injury's occurrence, as required by Iowa Code section 85.23 (2020). *See DeLong v. Iowa State Highway Comm'n*, 295 N.W. 91, 92 (Iowa 1940) (holding lack of notice required by what is now Iowa Code section 85.23 is an affirmative defense with the burden of proof on the employer). Tyler countered by arguing that the discovery rule tolled the section 85.23 notice period.

The claim went to hearing, and the deputy workers' compensation commissioner determined that Tyler had a cumulative injury that was work-related. But the deputy commissioner also found that Tyson Meats met its burden to prove Tyler failed to notify it within ninety days of the date of the injury. The deputy commissioner based this conclusion on the finding that Tyler knew both that he was injured and that the injury was work-related at the time he retired. Based on the finding that Tyler gave untimely notice, the commissioner found Tyler's claim was barred by section 85.23. Tyler appealed to the commissioner, again arguing the notice period should have been tolled under the discovery rule because he did not know the nature of his injury until September 2019. The commissioner affirmed the deputy commissioner's ruling in its entirety. Tyler petitioned for judicial review,

making the same argument he made to the commissioner. The district court denied his petition. Tyler appeals.

We review district court rulings on judicial review of agency decisions under Iowa Code chapter 17A (2022). *Chavez v. M.S. Tech. LLC*, 972 N.W.2d 662, 666 (Iowa 2022). We apply section 17A.19(10) to determine whether we come to the same conclusions as the district court. *Ghost Player, LLC v. Iowa Dep't of Econ. Dev.*, 906 N.W.2d 454, 462 (Iowa 2018). "[W]e accept the commissioner's factual findings when supported by substantial evidence." *Bluml v. Dee Jay's Inc.*, 920 N.W.2d 82, 84 (Iowa 2018). We "only disturb the agency's application of the law to the facts of the particular case if that application is irrational, illogical, or wholly unjustifiable." *Ripperger v. Iowa Pub. Info. Bd.*, 967 N.W.2d 540, 549 (Iowa 2021) (internal quotation marks and citation omitted). But when reviewing the workers' compensation commissioner's interpretation of Iowa Code chapter 85, we review for correction of errors at law rather than deferring to the agency's interpretation "because the legislature has not clearly vested the commissioner with authority to interpret that chapter." *Chavez*, 972 N.W.2d at 666.

Tyler contends the commissioner erroneously applied the discovery rule to Iowa Code section 85.23 (2020) by not making separate determinations as to when he knew the nature, seriousness, and compensable character of his injury and equating all elements of the discovery rule with an employee's knowledge that the injury is serious enough to have a permanent adverse impact on employment. He claims that, instead, the court should have tolled the notice period until he knew

the nature of his injury in September 2019 (when he contends he first understood his injury was to his back, not his groin).[1]

But in the time since Tyler filed this appeal and the parties submitted their briefs, our supreme court has clarified that the legislature's 2017 amendments to section 85.26(1)—which establishes the limitation period for bringing workers' compensation claims—abrogated the version of the discovery rule relied upon by Tyler. *Tweeten v. Tweeten*, ___ N.W.2d ___, ___, 2023 WL 8853036, at *8 (Iowa 2023). The same discovery rule applies to both the statute of limitations set by section 85.26 and the ninety-day notice requirement set by section 85.23. *IBP, Inc. v. Burress*, 779 N.W.2d 210, 218 (Iowa 2010). Under the interpretation of the discovery rule before the 2017 statutory amendments, the notice period did not begin until the employee understood the nature, seriousness, and probable compensable character of the injury. *Id.* Our supreme court has summarized these elements with the phrase "serious enough to have a permanent adverse impact on the claimant's employment." *Herrera v. IBP, Inc.*, 633 N.W.2d 284, 288 (Iowa 2001). The parties have framed the fighting issue in the present case as whether the supreme court's summarization in *Herrera* applied to only one, or all three, of the elements in the discovery rule. But this issue no longer guides the outcome.

---

[1] The record shows Tyler had a prior work-related hernia for which he asserted a workers' compensation claim that he settled with Tyson Meats. Tyler contends that, until he was told his problems were back-related at a doctor visit in September 2019, he thought the pain he was experiencing was related to his prior hernia for which he could not seek compensation because of the settlement of his hernia claim.

Prior to the legislature's 2017 amendments to Iowa Code chapter 85, Iowa Code section 85.23 stated:

> Unless the employer or the employer's representative shall have actual knowledge of the occurrence of an injury received within ninety days from the date of the occurrence of the injury, or unless the employee or someone on the employee's behalf or a dependent or someone on the dependent's behalf shall give notice thereof to the employer within ninety days from the date of the occurrence of the injury, no compensation shall be allowed.

In 2017, the legislature added this definitional sentence to sections 85.23 and 85.26(1): "For the purposes of this section, 'date of the occurrence of the injury' means the date that the employee knew or should have known that the injury was work-related."

In *Tweeten*, our supreme court reiterated that, prior to the 2017 amendments, the commencement of the limitation period in section 85.26(1) had been tied to the claimant's discovery of the nature, seriousness, and probable compensable character of the injury. 2023 WL 8853036, at *7. It then held that, by adding the definition of "date of the occurrence of the injury" to section 85.26(1), the legislature changed the commencement of the limitation period to tie it to the occurrence of a specific event, namely the date "the employee knew or should have known that the injury was work related." *Id.* at *7–8. The court explained:

> The general assembly has chosen to limit the discovery rule to knowledge that an injury is work-related, not to knowledge of the compensable nature of the injury as we had previously recognized. Continuing to apply our prior common law discovery rule to further toll the limitation period until the employee is also aware of the permanent adverse impact of an injury would add words to the statute that the general assembly did not—something we cannot do.

*Id.* at *8. Because the legislature added identical language to sections 85.23 and 85.26(1), coupled with the fact that we apply the discovery rule the same under

both sections, *see IBP*, 779 N.W.2d at 218, we find *Tweeten* controls the outcome in this case. Consistent with the holding in *Tweeten*, we conclude the ninety-day notice period set by section 85.23 starts on the date the claimant knew or should have known the injury was work-related, without regard to a claimant's knowledge of the nature, seriousness, or probable compensable character of the injury.

Tyler's argument rests on his contention that he was unaware of the nature of his injury until September 2019. But even if that were true, after the 2017 legislative change analyzed by the supreme court in *Tweeten*, it does not affect the start date of the notice period set by section 85.23. The only question since the 2017 amendment is when Tyler knew or should have known that his injury was work-related. Tyler concedes that he knew his injury was work-related as of his retirement in October 2018. There is no question Tyler did not provide Tyson Meats notice of the injury until the following October, well outside the ninety-day notice period found in section 85.23. Because Tyler did not give Tyson Meats timely notice of his injury, section 85.23 bars any recovery for his injury, so we affirm.

**AFFIRMED.**